LUCIA M. TESSON vs. EDWARD P. TESSON, ᴇᴛ ᴀʟ.

On a demurrer to a bill in chancery, the court will not regard the exhibits as a part of the bill, nor will the court look into the exhibits to see, if they sustain or contradict the allegations in the bill.

## APPEAL from St. Louis Circuit Court.

Pʀɪᴍᴍ & Wʜɪᴛᴛʟᴇsᴇʏ, *for Appellant.*

The contract is a legal and valid contract; it is recognized by our law; as a common law settlement, in consideration of marriage ,it is good, and the plaintiff is entitled to relief. 2 Kent's Com.,

138, n. b.; 142, n. b.; 139, n. o. c.; Atherly on Marriage Settlements, 343, 344, 345; Prior vs. Hill, 4 Brown C. C., 139; Murray vs. Lord Elibank, 5 Ves., 737; Carr vs. Taylor, 10 Ves., 574; 1 Atk., 192. For this $2,000, the wife has a mortgage, good at least in equity, and it should be enforced. By the civil law, she is entitled by her contract. Rion vs. Rion's syndics, 4 Martin's La. R., 341.

Husband's estate is mortgaged for the payment of the "dot." 2 Mo. &c., Partidas, 875. The wife has a mortgage for her "dot." Civ. Code of La., sec. 2345, and may sue for it, if in danger, 4 Part. T., 11, L. 29, 1 Mor. & C.; Par. 539.

DARBY & R. M. FIELD, *for Appellees, insist:*

1. That the marriage contract, seeking to introduce a foreign rule of property unknown to our laws, is wholly ineffectual. 3 Martin's R., 581.
2. Were it competent for the parties to contract, that their relation should be regulated by a foreign rule, still the present contract is void for uncertainty, for the rule of community is different in different places, and the court has no means of judging which to adopt. Story's Conflict, sec. 126.
3. The right asserted by the complainant in this case does not exist by the civil law, or rather, is not found in any code or collection under that law, accessible to appellee's counsel.
1. This $2,000 is dotal property, and cannot be claimed by the wife until the dissolution of the marriage.
2. The clause of renunciation gives no right till the dissolution of the marriage.
3. The prefixed dower cannot be claimed until the death of the husband. The term seems to be borrowed from the old French law, and is not known to the Spanish law or the modern codes.
4. In regard to the separation of goods that might be had in some cases under the civil law, it is to be observed:
   *a.* This was no incident of the contract, but a special provision of the civil law.
   *b.* Under the Spanish law, a separation of goods could not be demanded on account of poverty resulting from mercantile losses or misfortunes, but only in cases where the husband was squandering his estate by debauchery or the indulgence of vicious habits, &c.
   *c.* The separation of goods could not be had to the prejudice of creditors.
5. According to the principles adopted by a court of equity, the wife is not entitled to the relief she seeks, even were the $2,000 regarded as her separate estate.
1st. As to her separate estate, she is treated in equity as a *femme sole.*
2nd. She voluntarily permitted the husband to invest the money in trade; she withheld the marriage contract from the record for the period of twelve years, and for this the bill gives the remarkable reason "that the husband's business was apparently prosperous." These circumstances make the equity of the creditors superior to that of the wife, and the court would not be justified in interfering in her behalf against them.

The following authorities are referred to:—4 Partidas, title 11, Law, 7; Louisiana Code, *acts* 2307, 2315, 2317, 2327, 2331, 2334, 2346, 2347; Civil Code of France, *acts* 1540, 1551, 1565; Louisiana Code, acts 2379, 2392; Civil Code of France, acts 1453, 1466; 4 Partidas, title 11, Law 29; Louisiana Code, act 2408; Civil Code of France, act 1447; 2 Leigh, 183; 17 J. R., 548; 9 Paige's Ch. R., 363; 2 P. Wms., 82; 3 Cond. Eng. Ch. R., 335.

SCOTT, J., *delivered the opinion of the Court.*

This was a bill in chancery, filed by the appellant, the plaintiff, against

*Lucia M. Tesson* vs. *Edward P. Tesson, et al.*

the appellee, her husband, and his assignees in insolvency. Among other matters not necessary to be detailed, the bill states, that Edward Tesson, prior to his marriage with the plaintiff, by contract, did endow her with the sum of two thousand dollars of prefixed dowry, to be taken and made out of all the real and personal estate, present and future, of said Edward Tesson, which said dowry of two thousand dollars was to be paid and made available whenever she might deem proper, and was made a charge, mortgage and hypothecation upon all the real and personal property, present or future, of the said Edward Tesson. The contract was made in 1833, and recorded in 1845, a few days prior to the assignment made by Tesson. The bill was for the purpose of obtaining an allowance of the said sum from the assignees. It is stated that the original contract is made an exhibit to the bill. The exhibit is in the English language, and does not appear to be a translation.

A demurrer to the bill was sustained, and it was dismissed.

It was argued for the defendants, that the contract being in the French language, and terms peculiar to the jurisprudence of France and Spain being found in it, the parties, at the time of contracting, must have had in contemplation the French or Spanish law, and that the contract was not susceptible of the interpretation given it by the plaintiff in her bill.

On looking into the papers of the cause, we were struck with the great difference between the case as made by the bill and that argued at the bar. There is nothing in the bill which shows that the contract was in the French language. On the contrary, it is expressly stated that the original is made an exhibit, and that is in the English language. The bill expressly states that $2,000 were given as dowry to the complainant, to be paid when she should think proper, and that the property of the defendant, Tesson, both present and future, was mortgaged for its payment. It is a general principle, that as a demurrer relies merely upon matter apparent on the face of the bill, so much of the bill as the demurrer extends to, is taken to be true. If a demurrer is to the whole bill, the whole is taken for true. If it is to any particular discovery, the matter sought to be discovered to which the demurrer extends, is taken as stated in the bill. 2 Ves. & Bea., Atkinson vs. Henshaw, 95; Mitford's Pleadings, 211. In the case of Brabant vs. Hoskins, 3 Price, 31, the plaintiff agreed to sell a tract of land, and for further securing the payment of the purchase money, took a bond with security. The contract was afterwards carried into execution. The vendee becoming embarrassed, made a conveyance of the estate for the benefit of his creditors. Under this trust, the estate was sold, and the plaintiff received from the

trustee a portion of his purchase money. The vendee afterwards became bankrupt, and his assignee threatened a suit to recover the sum paid the plaintiff, on the ground that an act of bankruptcy had been committed before the payment. The plaintiff insisted, if it were so, he had a lien in equity on the estate sold; that he had not waived that lien by taking the bond, as that was taken by him as a further additional or collateral security. On a demurrer to the bill, it was contended that the bond with security was a discharge of the lien. To this it was answered, that there was a positive averment in the bill that the bond was taken as further collateral security. The court held that, if that was so, there was an end of the demurrer, for the fact being admitted the plaintiff clealry had no equity. It was then urged by counsel that the statement ought not to be taken as a positive fact, but as a matter of inference, from which the parties were not at liberty to make any conclusive deduction. To this, the court answered, that it is stated as a fact, and it is sufficient therefore to induce us to overrule the demurrer. If it be not the truth, it must be decided in a more solemn manner. In the bill under consideration, it is expressly stated that the dowry was given by the husband to be paid to the wife whenever it should be demanded, and that the effects conveyed to the assignees were mortgaged to secure the payment of it. If the demurrer admits these facts, and that it does, cannot admit of question, on what principle can it be sustained? Is there any principle, or any case which warrants us in determinining a demurrer to look into the exhibits to a bill in order to ascertain whether they support the facts stated in it? Our statute, Rev. Code, 843, sec. 38, expressly enacts that exhibits shall not be deemed or made a part of the pleadings or records in a cause. The term "exhibits" is the designation given to writings of any kind that are proved in a cause either by admission or by witnesses. It is often restricted to that kind of writings which may be proved *viva voce* at the hearing. Grisley's Equity Evidence.

The other Judges concurring, the decree will be reversed and the cause remanded.